```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SIDNEY BENDER,

                    Plaintiff,

       -against-

PRESIDENT BARACK H. OBAMA, UNITED
STATES OF AMERICA, SENATOR MITCH            MEMORANDUM & ORDER
MCCONNELL, Majority Leader of the           15-CV-4776(JS)(ARL)
Senate of the United States, and
REPRESENTATIVE JOHN A. BOEHNER,
Speaker of the House of
Representatives of the United
States,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Sidney Bender, pro se
                    c/o Leventritt, Lewittes & Bender
                    1010 Northern Blvd., Suite 208
                    Great Neck, NY 11021

For Boehner:        William Pittard, Esq.
                    Sarah Curran, Esq.
                    Office of General Counsel of the
                      U.S House of Representatives
                    219 Cannon House Office Building
                    Washington, DC 20515

For Remaining
Defendants:         No appearances.

SEYBERT, District Judge:
```

Plaintiff Sidney Bender ("Plaintiff") brings this action seeking to void the Joint Comprehensive Plan of Action and the Iran Nuclear Agreement Review Act of 2015. He claims that both are "null and void" because they are treaties that were passed in violation of Article II, Section 2, Paragraph 2

of the United States Constitution, which specifically grants treaty-making power to the President of the United States "by and with the Advice and Consent of the Senate . . . provided two thirds of the Senators present concur." U.S. CONST. art. II, § 2, cl. 2. As explained below, Plaintiff lacks standing to assert his claims. Accordingly, this action is sua sponte DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

Article III of the United States Constitution confines federal courts "to adjudicating actual 'cases' and 'controversies.'" Allen v. Wright, 468 U.S. 737, 750, 104 S. Ct. 3315, 3324, 82 L. Ed. 2d 556 (1984) (quoting U.S. CONST., art. III, § 2). "This limitation is effectuated through the requirement of standing." Cooper v. U.S. Postal Serv., 577 F.3d 479, 489 (2d Cir. 2009) (citation omitted). If the plaintiff "lack[s] Article III standing, a court has no subject matter jurisdiction to hear the[ ] claim." Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 198 (2d Cir. 2005). "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised sua sponte." Id. This "irreducible constitutional minimum" mandates that: "(1) the plaintiff have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical, and (2) the injury be

fairly trace[able] to the challenged action of the defendant." Taveras v. UBS AG, --- F. App'x ----, 2015 WL 1934576, at *1 (2d Cir. 2015) (alteration in original) (internal quotation marks omitted) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)). "[A] plaintiff raising only a generally available grievance about government--claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large--does not state an Article III case or controversy." Lujan, 504 U.S. at 573-74, 112 S. Ct. at 2143.

This action, which asserts a generalized grievance regarding "Government violation of procedures assertedly ordained by the Constitution," id. at 576, 112 S. Ct. at 2144, is precisely the type of case that the Supreme Court has consistently held does not state an Article III case or controversy, id. at 574-77, 112 S. Ct. at 2143-45 (collecting cases). Indeed, the District Court for the Southern District Florida recently sua sponte dismissed for lack of Article III standing a similar action challenging the Iran Nuclear Agreement Review Act on the same grounds asserted by Plaintiff herein. See Klayman v. Obama, No. 15-CV-81023, 2015 WL 5269958, at *2 (S.D. Fla. Sept. 10, 2015). Thus, the Court finds that

3

Plaintiff has not, and cannot, establish Article III standing. Accordingly, this action must be dismissed for lack of subject matter jurisdiction.

CONCLUSION

For the foregoing reasons, this action is sua sponte DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. The Clerk of the Court is directed to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  1 , 2015
       Central Islip, New York